## Case No. 13,423.

### STEWART v. CALLAGHAN et al.

[4 Cranch, C. C. 594.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

SEQUESTRATION—PROCEEDS OF SALE—COMMISSIONS OF SUPERCARGO—INDEMNITY.

1. The commissions of a supercargo of a sequestered cargo are a charge upon the proceeds of sales, and are not included in the indemnity to be granted by the sequestering government.

2. The indemnity stands in the place of the proceeds of sale, and the commissions are a charge upon that indemnity.

This was a bill [by Stewart's administratrix against Callaghan and others] to enjoin the amount of the supercargo's commissions upon a voyage of the brig Ruth and Mary, out of the sum awarded by the commissioners under the treaty of indemnity with the king of the two Sicilies, and to prevent the same from being paid out of the treasury of the United States to Mr. Callaghan, assignee of Coulter, the insolvent owner of the brig and cargo. The answer having been filed, a motion was made to dissolve the injunction which had been granted by one of the judges in vacation. The plaintiff relied upon an agreement, under seal, between Callaghan and Hall, the assignees of Coulter, and her intestate; by which, in consideration of services rendered by him, (Alexander Stewart, Jr.) they agreed "that out of the recovery then in prosecution before the commissioners," &c., "whatever may be the amount thereof, the said Alexander Stewart, Jr. shall be allowed the full amount of his commission charged in the statement of the said claim, to wit, $5,307.50, together with interest on the same, if interest shall be allowed on the claim by the commissioners; and so much of any award that may be made by said commissioners, on the said claim, is hereby assigned to the said Alexander Stewart, Jr.," and they constitute him, irrevocably, their attorney to receive the sum of $5,307.50, with interest, if it should be allowed on the claim by the commissioners. The award was for $71,411, but did not include the claim for the supercargo's commissions. The defendants in their answer, contended that, as the commissioners rejected the claim for the commissions, the plaintiff's intestate was not entitled to them, under the agreement.

But THE COURT (nem. con.) was of opinion, that as the commissions of the supercargo would have been a charge upon the proceeds of the sales of the cargo, if it had arrived at the place of its destination, they are to be considered as a charge upon the fund, which stands in the place of those proceeds of sales, and were not a proper charge against the king of the two Sicilies, under the treaty of indemnity, and that the

plaintiff is entitled to the same, under the agreement, both at law and in equity. The injunction was ordered to stand until final hearing.